▮ WILLIAM ARTIS, Petitioner, v. STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents.— Determinations of the Division of Human Rights, dated August 30, 1971, and of Human Rights Appeal Board made August 7, 1972, unanimously annulled, on the law, without costs and without disbursements, and vacated, and the matter remanded to the Division of Human Rights for hearing anew. A complaint of discriminatory discharge, by reason of race, of petitioner, a probationary reporter, was made by him and a hearing held on that complaint by the Commissioner. The latter found the complaint justified and directed rehiring for a full probationary period. However, the directive went on to order guidance and training programs for, and recruitment of minority reporters. The latter directive is *ultra vires* the Division's powers, being excessive and not sufficiently related to the particular complaint. (See Executive Law, §§ 295, 297.) On appeal to the Human Rights Appeal Board, this error was compounded: instead of limiting its decision to ruling on the presence or absence or substantial supporting evidence (§ 297-a, subd. 7), the majority of the board made new findings. In addition, some of these new findings were not warranted by the original record. A new hearing with an appropriate ruling is indicated. Concur — Stevens, P. J., Markewich, Kupferman, Steuer and Macken, JJ.

▮ In the Matter of JUDITH MOSCOU, Mother, on Behalf of KAREN B. NACH, Respondent, v. RALPH J. NACH, Appellant.— Order of the Family Court of the State of New York, New York County, entered on April 10, 1973, awarding the attorney for petitioner a counsel fee, unanimously modified, on the law and the facts, to the extent of reducing the counsel fee to the sum of $1,000, and as so modified, affirmed, without costs and without disbursements. Considering all of the circumstances, the counsel fee awarded by the Family Court was excessive to the extent indicated. Concur — Stevens, P. J., Kupferman, Steuer and Capozzoli, JJ.

▮ PAUL JOYNER et al., Appellants, v. PUBLIC ADMINISTRATOR OF NEW YORK COUNTY, as Administrator of the Estate of BJORN LIND, Deceased, Respondent.— Order, Supreme Court, New York County, entered on January 11, 1972, vacating the statement of readiness, unanimously reversed, on the law and the facts and in the exercise of discretion, the motion denied and, in the exercise of discretion, defendant may conduct examinations before trial provided that they be completed on or before September 1, 1973. Appellants shall recover of respondent $40 costs and disbursements of this appeal. A motion to vacate a statement of readiness must be made within 20 days (22 NYCRR 660.4[d][3]). This motion, brought on 30 days after service of the statement, was untimely and plaintiff should not be penalized therefor by losing his place on the calendar. However, in the exercise of discretion, we direct that defendant may conduct examinations before trial provided that they be completed on or before September 1, 1973. Concur — Kupferman, J. P., Murphy, Lane, Tilzer and Capozzoli, JJ.