■ HENRY WINITT, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Petition granted, determination of respondent Human Rights Appeal Board made on or about May 16, 1975, affirming the order of November 25, 1974 of respondent commission dismissing the complaint, and that order, both unanimously annulled, on the law, and the matter remanded to respondent Commissioner for a new order not inconsistent herewith, without costs. The underlying complaint was that complainant had been dismissed from employment as provisional methods analyst by the Municipal Archives and Records Center of the New York City Municipal Service Administration by reason of age, and, with attendant salary loss, was returned to a position as assistant methods analyst. It was contended, to the contrary, that his work performance had been unsatisfactory. The Division of Human Rights, finding probable cause, scheduled a hearing. His superior testified to the unsatisfactory nature of his work on an assigned project, whereas he asserted that she did not understand it. Though he charged that she had derogated his age, she denied it. A coworker testified that the superior had termed complainant's work too slow because "you

can't teach an old dog new tricks." Another coworker corroborated this, and both attested that his work was satisfactory. The Commissioner found no age discrimination and dismissed, not mentioning the foregoing evidence given by the two other employees in his findings, nor that the witnesses were not controverted as to complainant's work performance; the superior's denial of the derogatory age statements is not mentioned at all. On appeal, the complainant appearing *pro se,* the appeal board affirmed, two against two. The appeals board thereby found, as had the Commissioner, as the dissent pointed out, in a manner not consistent with the hearing record. (See *Artis v State Human Rights Appeal Bd.,* 42 AD2d 557.) The satisfactory nature of complainant's work was firmly established by his coworkers' evidence. There was not substantial supporting evidence to the contrary (Executive Law, §§ 295, 297), and the findings of the Commissioner were not appropriate. The Commissioner's decision was not supported by substantial evidence whereas the evidence did support a finding that the demotion was based on discrimination by reason of age. Perforce, new findings are to be made. Concur—Stevens, P. J., Markewich, Tilzer, Capozzoli and Lane, JJ.