■ Afi Phoebe, Also Known as Theresa Roach, Petitioner, v State Division of Human Rights et al., Respondents.—Determination of the State Human Rights Appeal Board, dated October 17, 1978, affirming an order of the Commissioner of the State Division of Human Rights dated January 30, 1978, modified, on the law and the facts, to the extent of granting the petition with respect to the May 24, 1975 incident, reimbursing petitioner for one day's pay, with interest from that date, and otherwise confirmed, without costs and disbursements. Petitioner, a Muslim, filed a complaint with the State Division of Human Rights against amtrak on April 11, 1975, alleging racial and religious discrimination. Eleven days later she was charged with being out of uniform because she did not wear slacks or the official uniform skirt which exposed her legs from the knees down. One of the tenets of petitioner's faith is that a woman should have only her hands and a portion of her face exposed to view. Her regular slacks had just been washed and were still damp and so she wore an ankle-length skirt on the date in question. Her immediate supervisor, with whom she had been

having difficulties, refused to allow her to work that day and she lost one day's pay. Evidence was adduced at the hearing that other employees who violated the dress regulation were not criticized by the same supervisor. In fact, on the very day in question, another ticket seller was wearing blue denim dungarees, and no action was taken. On June 6, 1975, obviously as a result of this incident, the general supervisor circulated a memorandum formulating a dress code. We find it difficult to believe that the supervisor was unaware that petitioner had filed a human rights complaint against her, considering the fact that AMTRAK had been served on or about April 16, 1975, some eight days before the incident in question and we conclude that the so-called enforcement of the AMTRAK dress requirement code on that day was an act of retaliation against the petitioner, in violation of the Human Rights Law, for having filed a complaint with the division. "There was not substantial supporting evidence to the contrary (Executive Law, §§ 295, 297), and the findings of the Commissioner were not appropriate" *(Winitt v State Div. of Human Rights,* 50 AD2d 767, 768). The commissioner's decision was not supported by substantial evidence, whereas the substantial evidence did support a finding that the incident of May 24, 1975, was based on religious and racial discrimination. Concur—Sandler, J. P., Bloom and Ross, JJ.

Silverman and Markewich, JJ., dissent in a memorandum by Silverman, J., as follows: I would confirm the determination of the State Human Rights Appeal Board, which affirmed the Division of Human Rights. With respect to our power to review orders of these agencies, section 298 of the Executive Law provides: "The findings of fact on which such order is based shall be conclusive if supported by sufficient evidence on the record considered as a whole." I cannot say that the order is not supported by sufficient evidence. The Division of Human Rights found that the incident complained of was not an act of retaliation against complainant for having filed a complaint with the division. Complainant's supervisor testified that she did not know that complainant had failed a complaint with the division until after June 5, 1975, 12 days after the incident of May 24, 1975. I do not find this incredible as a matter of law. In a large organization such as AMTRAK, it may well be that legal papers served on an office of AMTRAK would be forwarded to its legal division and not come to the attention of an affected ticket supervisor for several weeks thereafter. The State Human Rights Division is charged with the determination of questions of fact, including not only the resolution of conflicts of testimony but deciding whether the evidence in support of the complaint is sufficiently persuasive to justify an affirmative finding of discrimination or retaliation. Where the division finds that the evidence does not satisfy it with respect to so subtle a question as whether acts by the employer in the supervision of an employee are motivated by an intent to retaliate for the filing of a complaint with the division and makes the negative finding of absence of retaliation, it can only be in the rarest of cases that a court would be justified in overruling the division's finding. This is not such a case.